# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TARA M. KINGSBERRY, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>MALLINCKRODT, INC. and )<br>K-FORCE FLEXIBLE SOLUTIONS, )<br>)<br>    Defendants. ) | Case No. 4:05CV978SNL |

## ORDER

Plaintiff has filed this Title VII and Missouri Human Rights Act (MHRA) employment discrimination lawsuit alleging sexual harassment and retaliation. This matter is before the Court on plaintiff's motion for sanctions because of spoliation of evidence (#36), filed April 28, 2006. Both defendants have filed responsive pleadings.

Plaintiff was an employee of defendant K-Force[1] assigned to work at defendant Mallinckrodt. She alleges that during her three (3) month employment period at Mallinckrodt she was sexually harassed by a Mallinckrodt supervisory employee, Michael Washington. She further alleges that upon complaining to defendant K-Force about the harassment, she was terminated from her employment by Mallinckrodt.

In the instant matter, plaintiff alleges that a former employee of K-Force, Rebecca Bryson-Ritchey,[2] had notes of a telephone conversation between Jessica Duffey (K-Force recruiter) and the plaintiff regarding plaintiff's allegations. Plaintiff claims that these alleged notes support her

---

[1]Defendant K-Force is a professional staffing firm.

[2]Ms. Bryson-Ritchey was a K-Force employee from January 2004 to July 2004.

contention that Mallinckrodt knew of her allegations and fired her in retaliation.  She further claims that these notes were testified to by Ms. Bryson-Ritchey at her deposition, and that defendant K-Force destroyed these notes.  Plaintiff seeks the "harshest sanctions possible" including the striking of K-Force's pleadings and the award of a default judgment against it; as well as the provision of an "adverse inference instruction" at trial allowing the jury to infer that defendant Mallinckrodt had notice of plaintiff's allegations and retaliated against her by firing her.

The Court has carefully reviewed the motion, memorandum in support, exhibits, and the responsive pleadings and will deny same.

Plaintiff's motion is based upon the deposition testimony of Ms. Bryson-Ritchey.  The gist of her deposition testimony is that, on May 3, 2004, due to the "proximity of her desk" she was able to overhear "parts" of a telephone conversation between K-Force recruiter Jessica Duffey and the plaintiff.  The only "parts" of the conversation Ms. Bryson-Ritchey allegedly overheard was Ms. Duffey's side of the conversation.  Later, on May 5, 2004, plaintiff and Washington got into a dispute and plaintiff again called Ms. Duffey.  While Ms. Duffey was on the phone with plaintiff, Washington called Ms. Bryson-Ritchey to ask that K-Force tell plaintiff that Mallinckrodt no longer wished to have her working for it.  Following these conversations, Duffey contacted plaintiff and informed her that Mallinckrodt decided to terminate her assignment with it. Plaintiff's Exhibit 6[3]- Deposition of Rebecca Bryson-Ritchey, pgs. 13-16; 28-31; 37-38; 49-50; 57-58; 62-64.  Plaintiff contends that Ms. Bryson-Ritchey took notes of these conversations and that one or both defendants have either destroyed them or are refusing to produce them. Defendant K-Force says such notes do not exist nor has plaintiff produced any credible evidence

---

[3]None of the plaintiff's exhibits are marked.  In the future, all exhibits will be marked as to party and either a number or a letter.

of intentional destruction (assuming they did exist). Defendant Mallinckrodt argues that it should not be penalized for any discovery abuse that its co-defendant allegedly engaged in.

The Court has carefully reviewed plaintiff's submitted deposition testimony of Ms. Bryson-Ritchey and finds it vague at best. She testified that she overheard parts of one-side of a conversation. She further testified that she had taken notes "on any phone calls taken, any phone calls from Mallinckrodt, any phone calls from Tara because I'm the one that had to terminate her." Bryson-Ritchey Deposition, pg. 16. She then states that after Ms. Duffey finished her May 3rd conversation with plaintiff, Ms. Duffey relayed to Ms. Bryson-Ritchey that Tara had complained about sexual harassment by Washington; however, when asked whether she had written that down in her notes, Ms. Bryson-Ritchey responded "I don't know". Bryson-Ritchey Deposition, pg. 31. She could not recall whether she had talked to Washington following Duffey's conversation with Plaintiff. Bryson-Ritchey Deposition, pgs. 36-37. Finally, as regards these alleged notes themselves, Ms. Bryson-Ritchey testified that the notes were handwritten, she did not recall their length, she did not recall turning them over to anyone specifically at K-Force, and that if she had spoken to anyone regarding the May 3rd conversation between Duffey and plaintiff such conversation "should have been" in her notes. Bryson-Ritchey Deposition, pgs. 49-50, 56. Finally, she testified that the alleged notes were either "left in my desk drawer, in Tara's file, laying on my desk". Bryson-Ritchey Deposition, pgs. 57-58; *see also*, pgs. 63-64.

Other parts of her deposition also make her recollections suspect. She testified repeatedly that Duffey, and not her, completed the plaintiff's evaluation. Bryson-Ritchey Deposition, pgs. 18-19, 21. However, when shown a copy of the evaluation in her handwriting, she acknowledged her mistake. Bryson-Ritchey Deposition, pgs. 21-22. At one point, she testified that she terminated the plaintiff, then testified that she did not know when the plaintiff was terminated.

Bryson-Ritchey Deposition, pgs. 15-16, 37.  The undisputed testimony of Duffey and the plaintiff is that Duffey contacted the plaintiff and informed her of the decision to terminate her assignment to Mallinckrodt.  Defendant K-Force Exhibit C - Deposition of Jessica Duffey, pg. 97; Exhibit E - Deposition of Plaintiff, pg 272.  Ms. Bryson-Ritchey testified that prior to her leaving in July 2004, plaintiff's employment file had been faxed to K-Force's Human Resource department.  Bryson-Ritchey Deposition, pgs. 47-48, 64.  However, documents show that plaintiff's employment file was not faxed to the HR department until late October 2004.  Defendant K-Force Exhibit D- Affidavit of Jessica Duffey; Exhibit F (under seal).  Finally, Ms. Bryson-Ritchey testified that plaintiff's counsel had contacted her by letter seeking her cooperation in this matter, and that she has never been contacted by defendant K-Force's counsel or anyone on K-Force's behalf.  Bryson-Ritchey Deposition, pg. 15.  However, the record shows that plaintiff's counsel did not send her any correspondence but that her testimony was by subpoena and that K-Force's counsel had tried to contact her by letter and telephone several times prior to her deposition.  Bryson-Ritchey Deposition, pgs. 15.

    Ms. Duffey's affidavit attests that although Ms. Bryson-Ritchey had no personal involvement with plaintiff, she did have personal conversations with another female K-Force employee who had filed a sexual harassment complaint (shortly after plaintiff was terminated) against Mallinckrodt.  Duffey Affidavit.  Furthermore, Ms. Bryson-Ritchey had made notes of these conversations which were placed in the second employee's file.  Finally, upon request by K-Force's HR department, on or about June 1, 2004, Ms. Bryson-Ritchey faxed these notes, along with the rest of this second employee's file, to the HR department.  Duffey Affidavit; Attachment to Duffey Affidavit (copy of e-mail).

The remainder of plaintiff's "evidence" in support of her motion consists of her deposition testimony that it was "readily apparent", between the time she complained of sexual harassment and the day she was terminated from her employment, that Washington knew was aware of her complaint because at a group meeting "when he saw me sitting on one side of the room, he immediately went to the other side." Plaintiff's Deposition, pg. 268. She further points out that Bryson-Ritchey testified that Mallinckrodt was one of K-Force's "major accounts" and therefore, a motive exists for the two (2) defendants to conspire to destroy the alleged notes.[4]

A thorough examination of Ms. Bryson-Ritchey's testimony reveals a deponent who was extremely unhappy about being deposed. She repeatedly reminded plaintiff's counsel that events had taken place over two (2) years prior. She sparred with counsel over her frustration at being asked repeatedly what she believed to be the same questions. Bryson-Ritchey Deposition, pgs. 14, 22, 29, 33-35, 38-39, 43, 45-46, and 56. In fact, at one point, Ms. Bryson-Ritchey considered her deposition be nothing short of "torture". Bryson-Ritchey Deposition, pg. 56. Most of her testimony consisted of "I don't know" or mistaken recollection. This is not sufficient evidence for the Court to find that intentional spoliation of evidence has occurred and to invoke the "harshest sanctions possible".

Finally, the Court strongly advises all counsel to reacquaint themselves with not only the Federal Rules of Civil Procedure, but also the Local Rules for this district. Although the pleadings themselves barely coming within the 15-page maximum, the numerous lengthy exhibits are a burden upon the Court to reproduce. In the future, if the pleading and its attachments

---

[4]Ms. Duffey attests that K-Force employs over 11,000 consultants and at any given time no more than six (6) have been placed at Mallinckrodt. Duffey Affidavit.

exceed twenty-five (25) pages, a courtesy copy shall be provided to the Court; and as previously noted, all exhibits shall be identified as to the party and by number or letter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions because of spoliation of evidence (#36) be and is **DENIED.**

Dated this ___18th___ day of May, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE